# Cases

# FOURTH DEPARTMENT

AT

# GENERAL TERM,

## July, 1888.

---

BYRON RICE, Respondent, v. THOMAS D. PENFIELD, Appellant.

*Statute of limitations — the one year statute is not applicable to a contract made by the sheriff for the care of property levied upon.*

In February, 1885, a deputy sheriff, to whom an execution had been delivered for collection, levied upon certain cattle and hired one Simpkins to feed and care for them, which he did, until they were afterwards, and during the same month, taken away by the deputy. This action was brought December 8, 1886, by the plaintiff, as the assignee of Simpkins, against the sheriff, to recover the value of feeding the stock.

*Held,* that the action could be maintained.

That the action was not barred by section 385 of the Code of Civil Procedure, which provides that "an action against a sheriff or coroner upon a liability incurred by him by doing an act in his official capacity, or by the omission of an official duty, except the non-payment of money collected upon an execution," must be brought within one year; that the term, "upon a liability incurred by him by doing an act in his official capacity," refers to a liability incurred by official malfeasance or misfeasance, and not to a liability arising out of a mutual contract voluntarily entered into by a sheriff, for his own convenience, with another.

APPEAL from a judgment of the Oneida County Court entered on the 28th day of December, 1887, reversing the judgment of the justice of the peace of the city of Rome, whereby the plaintiff was nonsuited.

The action was brought December 8, 1886, against the defendant, who was sheriff of Oneida county at the time the cause of action accrued, to recover the value of feeding certain cattle upon which one Henry C. Conrad, the defendant's deputy, had levied, by virtue of an

execution issued out of the Supreme Court, and which the deputy had placed in the keeping and care of the plaintiff's assignor, after making such levy.

*McMahon & Curtin*, for the appellant.

*D. E. Powers*, for the respondent.

FOLLETT, J.:

APPEAL from a judgment of a County Court reversing a judgment of nonsuit rendered in a Justice's Court.

In February, 1885, the defendant was the sheriff of Oneida county and one Henry C. Conrad was his deputy. In that month an execution was issued out of the Supreme Court and delivered to said deputy for collection. The deputy levied upon cattle and hired one Simpkins to care for them until they were afterwards, and during the same month, taken away by the deputy.

The evidence is undisputed that the deputy in hiring Simpkins assumed to act for the sheriff, who, when asked to pay the debt, instead of repudiating the act of the deputy promised to pay the debt at a later date. Under the evidence the defendant became personally liable for the debt, and the plaintiff (Simpkins' assignee) is entitled to recover it, unless an action is barred by the three hundred and eighty-fifth section of the Code of Civil Procedure, which provides that "an action against a sheriff or coroner, upon a liability incurred by him, by doing an act in his official capacity, or by the omission of an official duty, except the non-payment of money collected upon an execution," must be brought within one year.

The term, "upon a liability incurred by him by doing an act in his official capacity," refers to a liability incurred by official malfeasance or misfeasance, but not to a liability arising out of a mutual contract voluntarily entered into by a sheriff, for his own convenience, with another. The defendant might have personally performed this service, but he chose to hire another, and the remedy for his breach of this obligation is not barred by the lapse of one year.

The judgment of the County Court is affirmed, with costs.

HARDIN P. J., and MARTIN, J., concurred.

Judgment of the County Court of Oneida county affirmed, with costs.